IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KATRINA E. DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-09 |
| | § | |
| GMAC MORTGAGE, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

**I.     Background**

This is a dispute between a homeowner and her mortgage company. Katrina E. Davis owns a home in Missouri City, Texas. GMAC Mortgage, LLC, holds a promissory note and deed of trust under loan number 0185708708. The loan was executed on May 28, 2008. (Docket Entry No. 6, Exs. A, B). Davis sued GMAC in state court on December 7, 2010. (Docket Entry No. 1). In her petition, she alleged violations of the Truth and Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 ("RESPA"), *et seq.* (*Id.*, Ex. A). The complaint alleges that GMAC failed to make loan-related disclosures required by RESPA. (*Id.* ¶ 9). It provides no details of its TILA claim. (*Id.*, Ex. A). GMAC removed to this court on January 3, 2011. (*Id.*). GMAC moved for judgment on the pleadings under FED. R. CIV. P. 12(c) on January 13. (Docket Entry No. 6). It argues that the statute of limitations bars Davis's claims under TILA and RESPA.

**II.    Rule 12(c)**

Rule 12(c) allows a party to "move for judgment on the pleadings." The same standards

govern motions to dismiss under Rule 12(b)(6) and Rule 12(c). *Chauvin v. State Farm Fire & Cas. Co.,* 495 F.3d 232, 237 (5th Cir.2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* rejected the Supreme Court's prior statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 562–63. To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

A court generally cannot consider documents that are not attached to the pleadings when ruling on a motion to dismiss. A court can consider documents supplied by the defendant in a

motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994); *Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1988); *Sheppard v. Texas Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994). These documents "merely assist[] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.*

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed.1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem*

3

*Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999))).

## III. Analysis

A defendant may move for dismissal under Rule 12. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987). A court should dismiss based on the statute of limitations only if that bar to relief appears on the face of the complaint or other appropriately considered materials. *Garrett v. Commonwealth Mortg. Corp. of Am.,* 938 F.2d 591, 594 (5th Cir. 1991). GMAC relies on the note and deed of trust, which are attached to its complaint. (Docket Entry No. 6, Exs. A, B). These documents are properly before the court, because the petition references them and they are integral to Davis's claim. *Lechner*, 2009 WL 2356142, at *4 n.1.

GMAC argues that Davis's TILA claim should be dismissed based on the statute of limitations. A plaintiff has one year from the date of the violation to bring a TILA claim. 15 U.S.C. § 1640(e). A violation occurs when credit is extended through the consummation of the transaction between creditor and its customer without the required disclosures being made. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (summary calendar). The loan was executed on May 28, 2008, more than a year before Davis filed suit on December 7, 2010. Limitations bars Davis's TILA claim. Dismissal is with prejudice, because amendment would be futile.

GMAC argues that GMAC's argument for dismissal of the RESPA claim rests on the incorrect premise that RESPA's statute of limitations is also one year. RESPA's statute of limitations for individual plaintiffs is "3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation." 12 U.S.C. § 2614. The complaint asserts claims under § 2605, which requires "[e]ach person who makes a federally related mortgage loan shall disclose to each person

4

who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding." 12 U.S.C. § 2605; *Val-Com Acquisitions Trust v. Citimortgage, Inc.*, No. 4:10-CV-461-A, 2010 WL 4064791, at *3 (citing *Dow v. First Am. Title Ins. Co.*, 332 F.3d 356, 361 (5th Cir. 2003)). The loan was executed on May 28, 2008, less than three years before Davis filed suit on December 7, 2010. The motion to dismiss based on the statute of limitations is denied.

**IV.    Conclusion**

The motion to dismiss is granted in part and denied in part.

SIGNED on February 16, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge